**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AVIATION CAPITAL PARTNERS, LLC d/b/a SPECIALIZED TAX RECOVERY, | ) | |
| Plaintiff, | ) | C.A. No. __________________ |
| v. | ) | **JURY TRIAL DEMANDED** |
| SH ADVISORS, LLC d/b/a SITUS HAWK, | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Aviation Capital Partners, LLC d/b/a Specialized Tax Recovery ("Specialized Tax Recovery" or "STR") alleges as follows against SH Advisors, LLC d/b/a Situs Hawk ("Situs Hawk"). The allegations herein are made based on personal knowledge as to Specialized Tax Recovery with respect to its own actions and upon information and belief as to all others.

## I. NATURE OF THE ACTION

1. This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. and for such other relief as the Court deems just and proper.

## II. THE PARTIES

2. Aviation Capital Partners, LLC is a company organized and existing under the laws of Delaware with an office in Mentor, Ohio. Specialized Tax Recovery is an authorized trade/business name of Aviation Capital Partners, LLC and is also registered to do business in Delaware.

3. Specialized Tax Recovery is a pioneer in the investigative aviation tax discovery service field. Founded in 2009, Specialized Tax Recovery utilizes a system to monitor and track transitive aviation assets (e.g., aircraft) so that Federal, state, and local governments can properly

assess taxes relating to aircraft travel and storage. In furtherance of this goal, Specialized Tax Recovery uses Advanced Transitive Range Analysis (ATRA), a unique software design and process that Specialized Tax Recovery created to monitor and track transitive aviation assets.

4. Specialized Tax Recovery is the owner of U.S. Patent No. 10,956,988 ("the '988 Patent" or "the Patent-in-Suit") titled "System and Method for Determining a Taxability Status for a Vehicular Asset." A copy of the '988 Patent is attached as Exhibit A.

5. Upon information and belief, Situs Hawk is a company organized and existing under the laws of Delaware. Further upon information and belief, Situs Hawk has a principal place of business at 2 North Jackson St., Suite 605, Montgomery, Alabama 36104.

6. Situs Hawk claims to be using the exact system patented in the '988 Patent that analyzes Federal Aviation Administration ("FAA") and transponder data for aircraft discovery and tax valuation purposes to determine the taxability status for a vehicular asset.

## III. <u>JURISDICTION AND VENUE</u>

7. This civil action arises under the Patent Laws of the United States, Title 35, United States Code. This Court has original and exclusive subject matter jurisdiction over Count I under 28 U.S.C. §§ 1331 and 1338(a), as Plaintiff's claim for patent infringement arises under the laws of the United States, including 35 U.S.C. § 271, et seq.

8. This Court has supplemental jurisdiction over Specialized Tax Recovery's related state law claims pursuant to 28 U.S.C. § 1367(a).

9. Personal jurisdiction exists generally over Situs Hawk because it is incorporated in the State of Delaware.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b) because, among other things, Situs Hawk is deemed to reside in this District by virtue of being incorporated in the State of Delaware.

## IV. **FACTUAL BACKGROUND**

*Brief Overview of the Technology*

11. Aviation-related tax revenue is critical for governments to build and maintain aviation infrastructure for safe and efficient transportation of people and cargo. Yet governments are at a disadvantage with respect to collecting tax revenue associated with transient assets, such as aircraft. Governments can often miss out on tax revenue via workarounds from individuals and organizations, such as ownership changes, FAA registration changes, aircraft "home base" airport designations, tax free registration schemes, and unintentional or intentional failures to report aircraft location.

12. At the time Specialized Tax Recovery filed its first patent application in 2017, there was no effective mechanism for governments to monitor aircraft for purposes of determining potential tax liability and then to ensure collection of all owed tax revenue. Seeing a need in the market, Specialized Tax Recovery developed an innovative system (the Advanced Transitive Range Analysis (ATRA)) for detecting these taxable assets and identifying opportunities for recovery.

*Specialized Tax Recovery's Patent*

13. On June 26, 2017, Specialized Tax Recovery filed U.S. Patent Application No. 15/632,661, which issued as U.S. Patent No. 10,956,988 on March 23, 2021.

14. Independent claim 1 of the '988 Patent recites a method for determining a taxability status for a vehicle. Specifically, the method comprises: 1) obtaining traffic control

system information, such as the departure and arrival at a plurality of airports for an aircraft from a first database, 2) detecting a gap in the traffic control system information when the location of the aircraft is indeterminate caused by a mismatch in traffic control information between a departure location and previous arrival location of the aircraft, 3) receiving transponder data related to altitude and/or speed of the aircraft from a transponder mounted on board the aircraft via a transceiver positioned in proximity to an airport, 4) determining that the aircraft landed at the airport during which the location of the aircraft was indeterminate, based on the altitude and/or speed of the aircraft indicated in the transponder data, and 5) computing the taxability status of the aircraft based on the aircraft being present at the airport during the time for which the location of the aircraft was indeterminate.

15. Other independent claims, e.g., claim 13, recite a similar process/system wherein a mix of traffic control information and transponder data are used to determine missing information regarding aircraft travel and location that is relevant to taxability.

16. The ’988 Patent was prosecuted after the Supreme Court’s patent-eligibility decision in *Alice Corp. v. CLS Bank Int’l*, 573 U.S. 208 (2014), and the claims were granted by the U.S. Patent and Trademark Office.

17. As the U.S. Patent and Trademark Office found, the claims of the ’988 Patent are not directed to an abstract idea and are patent eligible.

*Summary of the Dispute Between Specialized Tax Recovery and Situs Hawk*

18. On June 9, 2022, the Alabama Department of Revenue (“ALDOR”) released SRC0000009508, soliciting bids for the procurement of a contract related to aircraft discovery and retail market valuation services. Specialized Tax Recovery and Situs Hawk submitted bids prior to the deadline. *See* Exhibit B (Specialized Tax Recovery’s Bid Proposal).

19. After learning of Situs Hawk, on or about July 26, 2022, Specialized Tax Recovery and Situs Hawk's principals had a call to discuss potentially working together. During that call, Specialized Tax Recovery made Situs Hawk aware of the '988 Patent. After the July 26 call, Situs Hawk went radio silent. Therefore, on August 8, 2022, Specialized Tax Recovery provided official written notice of the '988 Patent to Situs Hawk and that Situs Hawk could be infringing the patent. In the same correspondence, Specialized Tax Recovery memorialized that the parties had discussed potentially working together.

20. ALDOR issued its Notice of Intent to Award the contract to Situs Hawk on September 15, 2022.

21. On October 5, 2022, Specialized Tax Recovery filed a Protest Letter pursuant to Alabama Administrative Code Section 355-4-1-.04(14) protesting the decision to award the contract to Situs Hawk. *See* Exhibit C (Specialized Tax Recovery's Protest Letter). Specialized Tax Recovery's basis for filing the Protest Letter was threefold.

22. First, Situs Hawk's listed references were not legitimate customers of Situs Hawk. *See* Exhibit D (Situs Hawk References). ALDOR's bid specification No. 15 set forth seven detailed criteria that such references had to meet to qualify as "references," and Situs Hawk represented that each of its references met those criteria. *See* Exhibit C, at 3-4 (Specialized Tax Recovery's Protest Letter). Upon information and belief, Situs Hawk merely listed *potential* customers as references, rather than providing a list of *actual* customers with whom Situs Hawk engaged in a contract for services. Further upon information and belief, none of the listed "references" satisfy the bid's listed criteria.

23. On information and belief, Situs Hawk had no actual customers prior to winning the ALDOR bid. In fact, one of the "references," Lincoln County, Missouri, indicated that they

are actually a "test county," and that they have contacted Situs Hawk to be removed as a reference from the ALDOR bid. *See* Exhibit E (Email Correspondence with Lincoln County, Missouri). Another "reference," McCracken County, Kentucky, indicated that the report Situs Hawk provided was, "for a single time use," and that they did not "expect [to] obtain any future reports." *See id.* (Email Correspondence with McCracken County, Kentucky).

24. Second, Situs Hawk lacks the ability to meet the contractual requirements of the ALDOR bid. *See* Exhibit F (Situs Hawk Narrative of Past Performance). Specifically, Specialized Tax Recovery pointed to various statements relating to various tax codes indicating a lack of experience and knowledge in the industry.

25. Third, the Protest Letter asserted that Situs Hawk infringes the Patent-in-Suit.

26. On November 4, 2022, ALDOR denied Specialized Tax Recovery's protest. *See* Exhibit G (ALDOR Protest Denial).

27. Within the appropriate appeal period, Specialized Tax Recovery filed an appeal of ALDOR's denial of Specialized Tax Recovery's bid protest, on November 9, 2022. *See* Exhibit H (Specialized Tax Recovery's Protest Denial Appeal). Specialized Tax Recovery argued that ALDOR improperly found Situs Hawk to be a responsible bidder by failing to adequately review Situs Hawk's 1) background, 2) references, and 3) past performance/experience and technical competence.

28. ALDOR determined that the bid was not subject to an appeal process. Exhibit I (Appeal Denial Email).

29. Upon information and belief, Situs Hawk and the State of Alabama entered into a Master Agreement contract for aircraft valuation revenue in response to Solicitation Number SRC0000009508 on or about November 4, 2022. *See* Exhibit J (Situs Hawk and ALDOR Master

Agreement). Also on information and belief, no services have yet been rendered pursuant to the ALDOR Master Agreement.

## V. COUNT I: INFRINGEMENT OF THE ’988 PATENT

30. Specialized Tax Recovery incorporates by reference herein the allegations found in each of the foregoing paragraphs of this Complaint.

31. The ’988 Patent is in effect and presumed to be valid under the U.S. patent laws.

32. The ’988 Patent discloses a system and method for determining a taxability status for a vehicular asset.

33. Upon information and belief, Situs Hawk, by and through its agents, officers, directors, resellers, retailers, employees, and servants, has sold, marketed, offered for sale, promoted use of, and used, and continues to do so, a system and method for determining a taxability status for a vehicular asset, including at least one claim of the ’988 Patent, including at least claims 1, 13, and 15. *See* Exhibit M (Claim Chart).

34. Claim 1 of the ’988 Patent states:

> A computer-implemented method, comprising:
>
> obtaining traffic control system information for an aircraft from a first database, the traffic control system information indicative of departures and arrivals of the aircraft at a plurality of airports;
>
> detecting a gap in the traffic control system information for the aircraft, the gap being indicative of a time for which a location of the aircraft is indeterminate based upon the traffic control system information, wherein the gap is detected based on a mismatch in the traffic control system information between a departure location of the aircraft and a previous arrival location of the aircraft;

receiving transponder data from a transponder that is mounted on board the aircraft by way of a transceiver positioned in proximity to an airport, the transponder data indicative of at least one of an altitude or a speed of the aircraft;

determining, based upon the at least one of the altitude or the speed of the aircraft indicated in the transponder data, that the aircraft landed at the airport during the time for which the location of the aircraft was indeterminate; and

computing, by a computer, a taxability status of the aircraft based upon the aircraft being present at the airport during the time for which the location of the aircraft was indeterminate.

35. On information and belief, after a reasonable inquiry, Situs Hawk offers for sale and/or sells a computer-implemented method that includes obtaining traffic control information, such as departure/arrival times of an aircraft at a plurality of airports from a first database. The below graphic was included in Situs Hawk's supplemental documentation in its bid to ALDOR and indicates Situs Hawk's monitoring of departure/arrival times of an aircraft at an airport from a first database. *See* Exhibit L (Situs Hawk Supplemental Documentation), at 5.




36. On information and belief, after a reasonable inquiry, Situs Hawk offers a computer-implemented method for detecting a gap indicative of a time for which the location of an aircraft is indeterminate based upon the traffic control system information for an aircraft.

Situs Hawk claims it monitors deficiencies resulting from using System Wide Information Management (SWIM) data alone by using a "proprietary network of public and private data sources." Situs Hawk's method is used to reconcile gaps in the traffic control data that otherwise cannot be identified by using internet flight tracking vendors, FAA flight logs, or air traffic control system data. *See* Exhibit F (Situs Hawk Narrative of Past Performance), at 1.

37. On information and belief, after a reasonable inquiry, Situs Hawk offers a method for receiving transponder data, of at least speed or altitude of an aircraft, from a transponder that is mounted on board an aircraft by way of a transceiver positioned in proximity to an airport. Situs Hawk's "proprietary network of public and private data sources," includes utilizing Automatic Dependent Surveillance-Broadcast (ADS-B) data, which measures speed and/or altitude, and is received from a transponder on an aircraft. *See* Exhibit F (Situs Hawk Narrative of Past Performance), at 1.

38. On information and belief, after a reasonable inquiry, Situs Hawk offers a method for determining, based on altitude and/or speed of an aircraft indicated in transponder data, that the aircraft landed at the airport during the time the location of the aircraft was indeterminate. Situs Hawk offers a "large scale reporting of supporting documentation for both *aircraft discovery* and valuation," which includes determining aircraft location based on aircraft transponder data. *See* Exhibit F (Situs Hawk Narrative of Past Performance), at 2 (emphasis added). In a purported example of services for Terrebonne Parish, Louisiana, Situs Hawk alleges to have performed aircraft discovery by analyzing this data, Exhibit F (Situs Hawk Narrative of Past Performance), at 3.

39. On information and belief, after a reasonable inquiry, Situs Hawk offers a method for computing, via a computer, a taxability status of an aircraft that is present at an airport for the

time during which the location of the aircraft was indeterminate (i.e., when the aircraft was landed). Situs Hawk states that it has a "large scale reporting of supporting documentation for both aircraft discovery and *valuation*." This includes determining the taxability status of an aircraft. *See* Exhibit F (Situs Hawk Narrative of Past Performance), at 2 (emphasis added).

40. Further, on information and belief, after a reasonable inquiry, Situs Hawk claims to, "work[] with a variety of tax authorities across multiple states, each with varying regulations regarding the discovery, assessment, valuation and collection of personal property taxes on aircraft." In its bid proposal to ALDOR, Situs Hawk provided the below screen capture, which provides all information necessary to determine taxability based on the "varying regulations." *See* Exhibit F (Situs Hawk Narrative of Past Performance), at 2; Exhibit L (Supplemental Documentation), at 3.




Situs Airfield

| Situs Airfield | Arrivals | Departures | Overnights |
|---|---|---|---|
| BHM | 72 | 72 | 262 |

Aircraft Audit Trail

| FlightID | Flight Date | Departure Airfield | Arrival Airfield |
|---|---|---|---|
| c50dd649-154b-41cd-af12-2a7ba9934137 | 1/25/2020 | BED | BHM |
| 2d26f8f0-b214-4b28-865a-aa32a4f0638c | 4/24/2020 | BFI | BFI |
| ff1de4cb-3d87-4fa7-a0f9-ac5c4549dc29 | 2/9/2020 | BFI | OAK |



**Aircraft Details for N876DN**

Aircraft Information

| Tail Number * | Model Year | Make | Model |
|---|---|---|---|
| N876DN | 1999 | Beech | King Air 350 |
| **Airframe Time** | **Time Since Overhaul** | **Fair Market Value** | |
| 7100 | 1921 | 2,756,800.00 | |

Owner Information

| Owner Name | Street Address | City | State |
|---|---|---|---|
| SJH Enterprises | 5678 Bailey Cove Rd. | Wilmington | DE |
| **Zipcode** | **Tax Jurisdiction** | | |
| 19801 | Jefferson County | | |

Notes, Photos and Files

Note Text

about 5 hours ago

KingAir350.jpg (90.97 KB)

41. Claim 13 of the ’988 Patent is a system claim that is similar to claim 1 described above. The system includes a transponder transceiver positioned in proximity to an airport that is configured to receive transponder data from an ADS-B transponder mounted on an aircraft, a processor, and a memory coupled to the processor wherein the memory performs the steps of 1) obtaining traffic control system information for the aircraft from a first database, 2) determining that the aircraft landed at the airport, and 3) computing a taxability status of the aircraft.

42. Situs Hawk infringes claim 13 of the ’988 Patent for similar reasons as described above for claim 1.

43. Claim 15 of the ’988 Patent is a method claim that is similar to claim 1 described above. The method of claim 15 results from a computer program product embodied in a non-transitory computer readable medium. Wherein, the product comprises instructions that cause one or more processors to perform operations of 1) obtaining traffic control system information for the aircraft from a first database, 2) detecting a gap in the traffic control system information, 3) receiving transponder data from a transponder mounted on the aircraft, 4) determining that the

aircraft landed at the airport, and 5) outputting an indication that a tax may be due on the aircraft in a jurisdiction where the airport is located.

44. Situs Hawk infringes claim 15 of the ’988 Patent for similar reasons as described above for claim 1.

45. On information and belief, Situs Hawk has been and still is directly infringing at least claims 1, 13 and 15 of the ’988 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by selling and offering for sale a platform for aircraft discovery and valuation, including in its bid submission to ALDOR.

46. Situs Hawk will continue to infringe unless enjoined by this Court.

47. On information and belief, Situs Hawk has knowingly and willfully infringed the ’988 Patent.

48. As a result of Situs Hawk’s infringement of the ’988 Patent, Specialized Tax Recovery has suffered monetary damages in an amount not yet determined, has suffered irreparable harm and will continue to suffer irreparable harm in the future unless Situs Hawk’s infringing activities are enjoined by this Court.

49. Specialized Tax Recovery will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining Situs Hawk and its agents, servants, employees, attorneys, representatives, and all others acting on their behalf from infringing the ’988 Patent.

## VI. COUNT II: TORTIOUS INTERFERENCE WITH A PROSPECTIVE BUSINESS RELATIONSHIPS[1]

50. Specialized Tax Recovery hereby restates and realleges each of the foregoing paragraphs as if fully set forth herein.

51. Specialized Tax Recovery had a reasonable expectation of a valid, protectible business relationship with ALDOR at the time Specialized Tax Recovery submitted its bid proposal because it was the only responsible bidder.

52. Specialized Tax Recovery thus had the expectancy of entering into a contract with ALDOR.

53. Situs Hawk was aware of the potential business relationship and the expectation of a business relationship between Specialized Tax Recovery and ALDOR because, on information and belief, Situs Hawk knew Specialized Tax Recovery as the premier provider of the services ALDOR requested.

54. Situs Hawk was not a party to the potential business relationship between Specialized Tax Recovery and ALDOR.

55. Situs Hawk intentionally interfered with the potential business relationship between Specialized Tax Recovery and ALDOR by providing false, misleading, and deceptive statements about Situs Hawk's business, specifically with respect to its "customer references."

56. Situs Hawk's motives were improper by providing false, misleading, and deceptive statements about Situs Hawk's business in order to gain a competitive advantage over Specialized Tax Recovery in the ALDOR bidding process.

---

[1] This count is alleged under the laws of the State of Alabama.

57. Were it not for Situs Hawk's intentional interference with Specialized Tax Recovery's potential business relationship with ALDOR, Specialized Tax Recovery likely would have secured a bid with ALDOR.

58. Specialized Tax Recovery has lost sales revenue and goodwill due to Situs Hawk's intentional interference by losing the bid contract with ALDOR and from having to pay attorney fees and costs associated with this civil action.

## VII. COUNT III: DECEPTIVE TRADE PRACTICES[2]

59. Specialized Tax Recovery hereby restates and realleges each of the foregoing paragraphs as if fully set forth herein.

60. The false, misleading, and deceptive statements Situs Hawk made in its bid proposal, specifically related to its "customer references," renders Situs Hawk liable for Deceptive Trade Practices under, at least, Alabama Code § 8-19-27 (2021).

61. On information and belief, Situs Hawk engaged in false, misleading, and deceptive acts in providing its bid proposal to ALDOR. Specifically, Situs Hawk's statements regarding its "customer references" for parties that were not actual customers amounts to false, misleading, and deceptive acts under the statute.

62. Specialized Tax Recovery has suffered damages in an amount not yet determined, but that will be proven at trial.

63. Specialized Tax Recovery has and continues to suffer damages as a direct and proximate result of Situs Hawk's deceptive trade practices.

[2] This count is alleged under the laws of the State of Alabama, specifically under Alabama Code § 8-19.

64. Situs Hawk's deceptive acts have resulted in irreparable harm to Specialized Tax Recovery, for which there is no adequate remedy at law.

65. Accordingly, Specialized Tax Recovery is entitled to actual damages sustained, an awarding of up to three times its actual damages as a result of Situs Hawk's willful conduct, and the costs of the action together with a reasonable attorney's fees pursuant to Alabama Code § 8-19-10(a)(1)-(a)(3).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that Situs Hawk has directly infringed and continues to infringe the ’988 Patent;

B. A judgment that Situs Hawk has indirectly infringed by contributory infringement and continues to indirectly infringe the ’988 Patent;

C. A declaration that the ’988 Patent is valid and enforceable;

D. A judgment that Situs Hawk's infringement of the ’988 Patent has been willful;

E. A judgment against Situs Hawk awarding Specialized Tax Recovery damages suffered by Specialized Tax Recovery pursuant to 35 U.S.C. § 284 on account of Situs Hawk's infringement of the ’988 Patent;

F. A judgment that Specialized Tax Recovery's damages be trebled pursuant to 35 U.S.C. § 284 and that punitive damages be assessed against Situs Hawk;

G. Preliminary and permanent injunctions against Situs Hawk and any entity acting in concert with Situs Hawk, pursuant to 35 U.S.C. § 283, preventing Situs Hawk and any such entity, from infringing the ’988 Patent;

H. A judgment that Situs Hawk has tortiously interfered with Specialized Tax Recovery's potential and reasonable expectation of a valid, protectible business relationship with ALDOR;

I. A judgment that Situs Hawk engaged in deceptive trade practices in violation of Alabama law;

J. A judgment awarding Specialized Tax Recovery damages to compensate for its losses sustained as a result of Situs Hawk's tortious interference and deceptive trade practices;

K. A judgment awarding Specialized Tax Recovery a disgorgement of profits related to unjust enrichment that Situs Hawk's gained as a result of its tortious interference and deceptive trade practices;

L. Preliminarily and permanently enjoining Situs Hawk, including all of its directors, officers, agents, employees, successors, subsidiaries, assigns, and all other persons from fulfilling Situs Hawk's contractual obligations as a result of having obtained bid SRC0000009508 with ALDOR;

M. A judgment that Situs Hawk be directed to pay Specialized Tax Recovery costs incurred herein; and

N. Such other and further relief as the Court deems just and equitable.

## IX. DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. Rule 38(b), Specialized Tax Recovery respectfully demands a trial by jury of all issues triable as of right to a jury.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Todd R. Tucker
Joshua A. Friedman
Dustin D. Likens
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 E. 6th Street
Cleveland, Ohio 44114
Tel: (216) 622-8200

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

Dated: November 30, 2022
10458645 / 22733.00001

*Attorneys for Plaintiff Aviation Capital Partners, LLC d/b/a Specialized Tax Recovery*